# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMELL SMITH,

    DEFENDANT-PETITIONER,

CASE NO. 15-20574
CIVIL CASE NO. 17-12838
HON. DENISE PAGE HOOD

v.

UNITED STATES,

    PLAINTIFF-RESPONDENT.

_____/

## ORDER DENYING MOTION UNDER 28 U.S.C § 2255 TO VACATE [#180] AND DENYING CERTIFICATE OF APPEALABILITY

**I.    BACKGROUND**

On March 21, 2013, Defendant Jamell Smith, was convicted in Wayne County Circuit Court for Armed Robbery and Felony Firearm. On August 30, 2013, Smith was sentenced to 71 months to 120 months of incarceration in the Michigan Department of Corrections. On November 1, 2016, Smith pled guilty to Racketeering Conspiracy (18 U.S.C. § 1962(d)) (Count I). (Doc # 134) Smith was sentenced to 63 months in prison to run concurrent with Smith's state sentence, and two years of supervised release. (Doc # 174)

On August 28, 2017, Smith, *pro se*, filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc # 180) Smith argues his counsel was ineffective for failure to file a motion under 18 U.S.C. § 3585, to request that Smith receive credit for time served while in the custody of the United States Marshals Service. (*Id.*) The Government filed a Response on January 5, 2018. (Doc # 200)

For the reasons set forth below, Smith's Motion to Vacate, Set aside or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**.

## II. ANALYSIS

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). Motions brought under Section 2255 are subject to a one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996, generally running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2253(f)(1); *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001). As an initial matter, the Court notes that Smith's Motion was timely filed.

To prevail on a Section 2255 motion, the movant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

2

### A. Ineffective Assistance of Counsel

Smith argues his counsel was ineffective because he failed to file a motion under 18 U.S.C. § 3585, to request Smith receive credit for time served for his time in the custody of the United States Marshals Service. (Doc # 180) The Government responds that Smith's argument lacks merit because he has failed to show deficient performance by his counsel, and he has not shown that his counsel's performance prejudiced him. (Doc # 200, Pg. 6–7)

Under the Sixth Amendment, a defendant has a right to "have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. A defendant has a right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two-prong test to show ineffective assistance of counsel: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the ' counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* "There is a strong presumption that legal counsel is competent." *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). In addition, a "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The reasonableness of counsel's performance is to be evaluated

from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The defendant bears the burden of showing that counsel was deficient and that prejudice resulted from counsel's errors. *Id.* at 686–87.

Smith contends that his counsel rendered ineffective assistance of counsel "at the sentencing phase and he was unfairly treated under the due process clause of the Fifth Amendment." (Doc # 180, Pg. 2) Smith claims that his counsel failed to file an 18 U.S.C. § 3585 motion to request time be deducted from his sentence for the time he was in the custody of the United States Marshals Service. (*Id.*) Smith notes that his co-defendant, Corey Mapp, also served time with the United States Marshals Service before his sentencing. Mapp's counsel, however, successfully submitted an 18 U.S.C. § 3585 motion for Mapp to receive credit for the time he spent with the United States Marshals Service. Smith argues that this Court granted Mapp's 18 U.S.C. § 3585 motion and would have also granted his motion. Smith further argues that, because he and Mapp are co-defendants, they are considered a "class of one" under the Equal Protection Clause, and should be treated similarly. *Vill. of Willbrook v. Olech*, 528 U.S. 562, 564 (2000).

The Government contends that Smith "is not entitled to credit prior to the imposition of his federal sentence, even though he had consented to remain in federal custody." (Doc # 200, Pg. 7) The Government argues that Smith's time in the custody of the United States Marshals Service could reduce time from his state sentence only, rather than his federal sentence, because he was still a state prisoner at the time. The Government asserts that Smith's attorney's request for a concurrent sentence, which was granted, was the most effective strategy.

"A defendant shall be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences; (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;" that has not been credited against another sentence. 18 U.S.C. §§ 3585(b)(1)-(2). Smith's detention with the United States Marshals Service occurred during his incarceration for his state offenses, but not for his offense in the present case. This Court agrees with the Government. Smith's time served in the custody of the U.S. Marshals Service is appropriately credited against his state court sentence, not his federal sentence. In addition, the Court finds that Smith's attorney's request for the state and federal sentences to run concurrently was not ineffective. *See* U.S.S.G. § 5G1.3(d). In accordance with *United States v. Wilson*, 503 U.S. 329, 333 (1992),

this Court could not have addressed a calculation of credit for Smith. The Supreme Court has held that it is not the district court, but the Attorney General, through the Bureau of Prisons ("BOP"), who has the authority to grant credit for time served. *Id.* (construing 18 U.S.C. §3585(b)). "[T]he computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing." *Id.*

Even if the Court accepts Smith's view, his argument fails because his counsel did request that he receive credit for time served. In the Sentencing Memorandum submitted on behalf of Smith, Smith's counsel requested that Smith receive credit for time served on his state convictions. (Doc #155, Pg. 3) Smith cannot establish that he has been prejudiced because his counsel did place a request that he receive credit for time served. Smith has failed to establish that his counsel was ineffective. Smith's § 2255 motion is without merit.

### B. Summary

Based on the above analysis, the Court finds that Smith has failed to show that his counsel's performance prejudiced him. Smith is not entitled to relief under 28 U.S.C. § 2255.

### III. CERTIFICATE OF APPEALABILITY

Rule 22 of the Federal Rules of Appellate Procedure provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. §

6

2253(c)(2). Rule 11 of the Rules Governing Section 2255 Proceedings requires that a district court issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a court issues a certificate of appealability, the court must state the specific issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). 28 U.S.C. § 2255(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability will not be issued in this case because, as discussed above, the arguments raised by Smith in his § 2255 Motion lack merit. For this reason, the Court will not appoint counsel for an appeal.

### IV. CONCLUSION

For the reasons set forth above,

IT IS SO ORDERED that Defendant Jamell Smith's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 (Doc # 180) is **DENIED**.

IT IS FURTHER ORDERED that Jamell Smith's civil action [Case No. 15-20574] is **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 20, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 20, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager