# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMELL LOVAL SMITH - D6,

    Defendant.

_____/

Case No. 15-20574-D6
Honorable Denise Page Hood

## ORDER DENYING MOTION TO CORRECT CLERICAL ERROR
### and
## TO TRANSFER THE MOTION AND THIS ORDER TO THE SIXTH CIRCUIT COURT OF APPEALS AS A SUCCESSIVE PETITION

This matter is before the Court on Defendant Jamell Loval Smith's Motion to Correct Clerical Error pursuant to Federal Rule of Criminal Procedure 36. Defendant asserts he was serving a sentence with the Michigan Department of Corrections when he was indicted in the instant case and brought before the Court under a Writ of Habeas Corpus Ad Prosequendum. Defendant claims the Bureau of Prisons failed to credit the time-served while in the custody of the United States Marshal pending the resolution of the instant criminal matter. Defendant further claims that the BOP's failure to credit Defendant's federal sentence was an inadvertent oversight because it was the Court's intent to credit Defendant's federal sentence.

Pursuant to Rule 36 of the Rules of Criminal Procedure, a court "may at any

time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "Although the federal rules do not define what constitutes a clerical error, this court has held that 'a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (quoting *United States v. Coleman*, No. 99-5715, 2000 WL 1182460, at *2 (6th Cir. Aug. 15, 2000)). This is not a motion for the correction of a "clerical error," but instead is a collateral attack on the district court's prior order as noted below, and therefore is not properly the subject of a Rule 36 motion.

In an Order Denying Motion under 28 U.S.C. § 2255 to Vacate dated August 20, 2018, this Court addressed the issue of the credit for time served while in the custody of the United States Marshal during the resolution of the instant criminal matter. The Court noted that, "Smith's time served in the custody of the U.S. Marshals Service is appropriately credited against his state court sentence, not his federal sentence." (Order, ECF No. 211, PageID.953) Also, the Court further noted, "[t]he Supreme Court has held that it is not the district court, but the Attorney General, through the Bureau of Prisons ("BOP"), who has the authority to grant credit for time served." (ECF No. 211, PageID.954) Defendant is seeking reconsideration of the

2

Court's previous Order on the same motion.

An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). Defendant's motion is untimely filed because it was filed more than one year after the Court's previous Order was filed.

In addition, the instant motion is a successive habeas petition which this Court lacks authority to review. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et. seq., amended 28 U.S.C. §§ 2244, 2253, and 2254, governs habeas corpus proceedings in federal courts. Pursuant to those amendments, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to

consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). The Sixth Circuit requires a successive § 2255 motion to be transferred to the Sixth Circuit Court of Appeals. *In re Nailor*, 487 F.3d 1018, 1022-23 (6th Cir. 2007). Any Rule 60(b) motion is considered a second or successive § 2255 motion which must be transferred to the Sixth Circuit Court of Appeals for certification. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); Gonzales v. Crosby, 545 U.S. 524, 531 (2005).

Accordingly,

IT IS ORDERED that Defendant's Motion to Correct Clerical Error pursuant to Federal Rule of Criminal Procedure 36 (ECF No. 214) is DENIED without prejudice. The Request for expedited consideration (ECF No. 244) is MOOT.

IT IS FURTHER ORDERED that the Clerk of the Court TRANSFER this Motion to Correct Clerical Error pursuant to Federal Rule of Criminal Procedure 36 to the Sixth Circuit Court of Appeals.

s/Denise Page Hood
Chief Judge, United States District

Dated: June 2, 2021